UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY BAILEY,

    Petitioner,

v.                                   Case No. 4:24cv515-TKW-HTC

RICKY DIXON,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Jeffrey Bailey ("Petitioner"), proceeding *pro se*, filed an amended petition under 28 U.S.C. § 2254 challenging his conviction in case number 2017-CF-0091 in the Second Judicial Circuit Jefferson County, Florida, on two counts of lewd or lascivious molestation and one count of video voyeurism. Doc. 8. Petitioner raises a single ground of relief, that trial counsel was ineffective for advising him to accept a guilty plea on those charges. Upon consideration of the amended petition, Respondent's answer (Doc. 13), Petitioner's reply (Doc. 15), and the record, the undersigned recommends the petition be DENIED on the merits without an evidentiary hearing and the certificate of appealability be DENIED.

**I.  BACKGROUND**

On July 10, 2017, M.S., a sixteen (16)-year-old minor, reported to Sgt. Dan Williams of the Jefferson County Sheriff's Office two incidents of sexual touching

and an incident of video voyeurism by her stepfather, Petitioner. Doc. 13-2 at 9.[1] On July 5, 2017, M.S. was about to take a shower when she found a camera hidden in the exhaust vent in the ceiling of her bathroom. *Id.* As for the touching incidents, M.S. alleged the first incident occurred when she was thirteen (13) years old. She had been sleeping on the couch, when Petitioner sat down beside her, slid his hand inside her shirt, and fondled her breasts. *Id.* The second incident occurred when M.S. was fourteen (14) years old. She was again sleeping on the couch, when Petitioner placed M.S.'s legs on top of his lap, reached down her shorts and underwear, and began rubbing her "private area." *Id.*

On July 25, 2017, Petitioner was charged with two counts of lewd or lascivious molestation and one count of video voyeurism. Doc. 13-2 at 10–11. On November 26, 2018, represented by Attorney Chuck Collins, Petitioner entered an open plea of no contest to each charge. *Id.* at 20–21 & Doc. 13-4 at 5–18 (transcript).

A few days after the plea, on November 29, 2018, Petitioner wrote a letter to the judge asking whether the prosecution obtained video evidence to be used against him. Doc. 13-12 at 119–20. Petitioner explained the existence of a video—supposedly showing an undressing—affected his decision to plead no contest. *Id.* Petitioner complained that Collins "has not been very nice or helpful" and withheld

---

[1] The page numbers in citations in this Report correspond with the page numbers in the purple headers at the top of each page generated by the CM-ECF system rather than the page numbers in the original documents or the page numbers generated by whichever PDF displaying program used by the reader.

Case No. 4:24cv515-TKW-HTC

discovery from Petitioner despite two earlier requests. *Id.* at 120. Petitioner received discovery after his plea and found no video, even though counsel "constantly" told Petitioner the video was damning and was the reason for entering a plea. *Id.*

Thereafter, on December 7, Collins moved to withdraw based on a conflict with Petitioner. Doc. 13-2 at 27. After conducting an evidentiary hearing, the circuit court granted Collins' motion on December 10, 2018, and relieved Collins of further responsibility in this case. Doc. 13-12 at 289.

Petitioner proceeded to sentencing represented Assistant Public Defendant Davis Revell. *See* Doc. 13-3 at 5. On February 14, 2019, Petitioner was adjudicated guilty of these offenses and was sentenced to fifteen (15) years of imprisonment on the first molestation charge; five (5) years of imprisonment on the second molestation charge, consecutive to the first charge, followed by ten (10) years of sex offender probation; and for the video voyeurism, five (5) years of probation consecutive to his ten-year sexual offender probation.[2] (The plea, corrected judgment and sentence, scoresheet, information, and arrest affidavit are located at Doc. 13-2 at 8–9, 10–11, 20–21, 22–24.) Petitioner was also declared to be a sexual offender and ordered to comply with registration requirements. *Id.* at 51.

---

[2] Due to a scrivener's error, the judgment and sentence for Count III imposed *sexual offender* probation. Doc. 13-2 at 31–50. The sentence was corrected to reflect probation for the video voyeurism charge. Doc. 13-5 at 20.

Case No. 4:24cv515-TKW-HTC

On February 27, 2019, Petitioner filed a *pro se* notice of appeal to the First District Court of Appeal ("First DCA"). *Id.* at 54. On October 28, 2019, an appointed public defender filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Doc. 13-6. On April 3, 2020, the First DCA affirmed per curium without a written opinion, and its mandate issued on May 1, 2020. Doc. 13-9 & 13-10.

On June 13, 2021, Petitioner, through counsel, Crystal McBee Frusciante, filed a Rule 3.850 motion for post-conviction relief asserting one ground based on ineffective assistance of trial counsel ("IATC") for "failure to properly investigate, research, and advise [Petitioner] regarding the evidence against him." Doc. 13-12 at 10; *see* Fla. R. Crim. P. 3.850. Thereafter, because Frusciante was retained for the limited purpose of drafting the Rule 3.850 motion, Frusciante filed an unopposed motion to dismiss, and the court granted her motion to withdraw. Doc. 13-12 at 27, 33. Petitioner filed a motion for the appointment of counsel to represent him at the evidentiary hearing. *Id.* at 29–30.

On January 12, 2023, the circuit court conducted an evidentiary hearing on Petitioner's motion for postconviction relief. *Id.* at 210–80. The court denied Petitioner's motion for the appointment of counsel. *Id.* at 218. On April 25, 2023, the court denied Petitioner's motion for postconviction relief. Doc. 13-11 at 5–11.

On May 23, 2023, Petitioner appealed the court's ruling to the First DCA. *Id.* at 12. The First DCA affirmed per curiam without written opinion on December 6,

2024. Doc. 13-16; s*ee Bailey v. State*, 397 So. 3d 1089 (Fla. 1st DCA 2024). The court's mandate issued on January 6, 2025. Doc 13-17.

On December 13, 2024, Petitioner filed the *pro se* petition for writ of habeas corpus in the instant case (Doc. 1)[3], which was amended on February 11, 2025 (Doc. 8), raising the same single ground for relief based on ineffective assistance of counsel, he raised in the Rule 3.850 motion.[4] Specifically, Petitioner alleges counsel was ineffective for (1) telling Petitioner that the State had video evidence against him that would assure his conviction and (2) giving him the false impression he would not receive a lengthy sentence if he pled. Doc. 8 at 10. According to Petitioner, because of counsel's mis-advice, Petitioner agreed to a guilty plea, instead of going to trial. *Id.* at 9. Thus, Petitioner argues the judgment and conviction should be vacated because he did not enter the plea knowingly and voluntarily. *Id.*

---

[3] Respondent does not dispute the petition is timely; however, the Respondent's calculation is incorrect as it is based on the date the First DCA affirmed the denial of the Rule 3.850 motion, rather than the date the First DCA affirmed the judgment and conviction). Doc. 13 at 4. Nonetheless, using the correct dates, the undersigned finds the petition to be timely filed. The judgment and conviction became final on July 30, 2020, ninety days after the First DCA issued its mandate affirming the judgment. *See Chamblee v. Florida*, 905 F.3d 1192, 1198 (2018). Petitioner filed the Rule 3.850 motion on June 13, 2021, after the passage of 318 days. That motion remained pending and tolled the one-year statute of limitations period under the AEDPA, 28 U.S.C. § 2244(d), until January 6, 2025. Because Petitioner filed the petition on December 13, 2024, the petition is timely.

[4] Because Petitioner raised the same ground for relief in the post-conviction motion and appealed that motion, Petitioner has exhausted this claim, and the Respondent does not contend otherwise. *See* Doc. 13-7.

Case No. 4:24cv515-TKW-HTC

## II. LEGAL STANDARDS

### A. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

Under the AEDPA, which governs a state prisoner's petition for habeas corpus relief, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 419 (2014). "Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *Id.* A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable

manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### B. Ineffective Assistance of Trial Counsel

To succeed on an ineffectiveness of counsel claim, Petitioner must show that (1) counsel's performance during representation fell below an objective standard of reasonableness, and (2) prejudice resulted, *i.e.*, that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689. Petitioner bears the burden of proving that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 688–89.

*Strickland*'s prejudice prong requires a petitioner to allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Bare allegations the petitioner was prejudiced by counsel's performance are not enough. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).

## III. DISCUSSION

As stated above, Petitioner brings a single claim arguing trial counsel was ineffective "by failing to properly investigate, research, and advise petitioner regarding the evidence against him." Doc. 8 at 9. According to Petitioner, trial counsel told him the State had video evidence against him and that a no contest plea would not result in a lengthy prison sentence. *Id.* at 9–10. Based on this advice from counsel, Petitioner entered an open plea of no contest. *Id.* at 10. Petitioner argues his plea was involuntary because counsel misadvised him that the State's video evidence—when none existed—would "assure his conviction" and a plea would not result in significant prison time. *Id.* Petitioner contends the result of proceedings would have been different because he would not have entered a plea and instead would have insisted on going to trial. *Id.*

Petitioner raised this identical claim in a Rule 3.850 post-conviction motion. Doc. 13-12 at 10–18. At the request of both parties, the circuit court held an

evidentiary hearing on January 12, 2023, at which Petitioner, his mother, and Collins testified. *Id.* at 210–80 (transcript). Subsequently, on April 25, 2023, the circuit court entered an order denying relief. *Id.* at 282–88. Specifically, the court determined, based on Collins's testimony, which the court found to be credible, that (1) Collins was aware of the evidence against Petitioner and "engaged in strategic discussions with him regarding the evidence"; (2) Collins did not fail to investigate or conduct adequate depositions; (3) Petitioner's mother's testimony that Collins advised her and Petitioner that Petitioner might receive three years of imprisonment was not credible considering that Collins was aware the lowest permissible sentence the court could impose based on Petitioner's criminal scoresheet was nine years; and (4) Petitioner specifically acknowledged during the plea colloquy he understood he faced up to a total of thirty-five years in prison and the lowest possible sentence the court could impose was nine years (absent some statutory exception). *Id.* at 285–86.

The circuit court further determined that *even if* Collins's performance had been deficient, Petitioner could not establish prejudice because Petitioner could have withdrawn his plea thirty (30) days after entering a plea on November 26, 2018, and did not do so. *Id.* at 287. Instead, he proceeded to sentencing on February 14, 2019. *Id.*

The circuit court's denial of relief was neither contrary to established law nor an unreasonable application of the facts.[5]  Thus, Petitioner is not entitled to federal habeas relief.

The focus of *Strickland*'s performance prong in a plea situation is "whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984).  "To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client." *Id.* (citing *Walker v. Caldwell*, 476 F.2d 213, 217 (5th Cir. 1973)).  Here, the undersigned agrees with the circuit court that Petitioner has failed to show Collins's performance was deficient under *Strickland*.

---

[5] Because the First DCA affirmed the circuit court's denial of relief on the post-conviction motion without a written opinion, this Court will "look through" the First DCA decision to the state court's Rule 3.850 order denying relief for the state's rationale.  *See Wilson v. Sellers*, 584 U.S. 122, 132 (2018).

On November 26, 2018, the circuit court conducted a plea hearing. Doc. 13-4 at 5–17. At the outset of the hearing, Collins stated in open court that he had advised petitioner that he faced a potential penalty of fifteen (15) years imprisonment on each of counts 1 and 2, and five (5) years on count 3, for "a total of 35 years exposure." Doc. 13-4 at 8–9. He further represented that he went over the scoresheet with Petitioner and the grounds on which the court could depart from the guidelines. *Id.* After that opening, the circuit court judge (who is the same judge that denied Rule 3.850 relief)[6] also questioned Petitioner on whether he understood "the Court has latitude to sentence [him] up to 35 years in prison," and Petitioner affirmed he understood. *Id.* at 11. There is a "strong presumption" that statements made by a defendant during his plea colloquy are true, *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Moreover, on cross-examination during the evidentiary hearing, Petitioner acknowledged he could be sentenced up to the statutory maximum and he scored nine (9) years based on the scoresheet. Doc. 13-12 at 233. However, he hoped the circuit court would deviate from the scoresheet and sentence him to a shorter term of imprisonment and a longer term of probation. *Id.* at 233–34. Although

---

[6] Because the judge who denied Petitioner's Rule 3.850 motion is the same judge who accepted the plea and sentenced Petitioner, the "presumption of correctness afforded the findings of fact of the state court is particularly strong." *Green v. McNeil*, 2010 WL 3833976, at *10 (S.D. Fla. July 16, 2010), *R.&R. adopted*, 2010 WL 3833967 (S.D. Fla. Sept. 30, 2010) (citing *May v. Collins*, 955 F.2d 299, 314 (5th Cir. 1992), cert. denied, 504 U.S. 901 (1992)).

Case No. 4:24cv515-TKW-HTC

Petitioner's mother testified Collins told them Petitioner was looking at 3 years, the circuit court did not find that testimony to be credible. This Court will defer to that credibility determination on federal habeas review. *Raheem v. GDCP Warden*, 995 F.3d 895, 929 (11th Cir. 2021) ("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review.") (quoting *Consalvo v. Sec'y, Dep't Corrs.*, 664 F.3d 842, 845 (11th Cir. 2011)).

Regardless, Petitioner knew during the plea hearing that he was facing a lengthy sentence of up to 35 years and a minimum under the scoresheet of nine years. He further knew that even if the any statutory basis allowed the court to deviate from the nine-year minimum, it was the court's discretion whether to apply any of those statutory exceptions. Doc. 13-4 at 12. Nonetheless, after affirming he understood the potential penalties, understood the court's discretion, and understood the plea was an open plea, Petitioner declined the opportunity to further speak to his counsel and chose to proceed with the plea proceedings. *Id.* at 14. Thus, Petitioner has not shown that counsel was ineffective for not advising him of the lengthy sentence he faced if he pled guilty.

Petitioner has also not shown counsel was ineffective for failing to investigate the purported lack of evidence for a conviction before advising him to plead guilty. When asked about the video evidence, Petitioner testified at the evidentiary hearing that he put a video camera in the ceiling vent of the bathroom his stepdaughter, M.S.,

to catch the dog urinating on the carpet and not to view M.S. undressing. *Id.* at 229–30. Rather than investigate this purported reason for placing the camera in the bathroom, law enforcement went to the trash pit in the back yard, where Petitioner admits he had burned some of the evidence. *Id.* at 220.

Collins testified he was aware the State had found some video and electronic evidence, which had been damaged. Doc. 13-12 at 248. Collins reviewed the FDLE report outlining the evidence and was not certain whether the evidence could be restored. *Id.* Additionally, because he knew from talking to Petitioner what would be on the video, he did not want to push the issue and have the FDLE further analyze the evidence to see if they could recover it. *Id.* at 249 ("I did not see a great need to push that issue, to have the State potentially go unearth and discover more potentially bad physical evidence."). Thus, the circuit court did not err in determining Petitioner failed to show Collins's performance was deficient.

Finally, as the circuit court determined, even if Collins's performance was deficient, Petitioner must meet the second prong and show he was prejudiced by trial counsel's errors. To meet *Strickland*'s prejudice prong in a plea situation, a petitioner must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "It is not enough for [the petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have

Case 4:24-cv-00515-TKW-HTC    Document 22    Filed 01/09/26    Page 14 of 17

Page 14 of 17


pleaded guilty and would have insisted on going to trial. *Id.*; *Hill*, 474 U.S. at 58–59. A reasonable probability is one that sufficiently undermines confidence in the outcome. *Strickland*, 466 U.S. at 693. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

As the circuit court pointed out, Petitioner cannot show he was prejudiced by Collins's performance because even assuming Collins gave him any misadvice regarding the plea, Petitioner knew about that purported misadvice shortly after the plea hearing and nonetheless proceeded to sentencing and did not formally withdraw his plea. Specifically, Petitioner entered his plea on November 26, 2018, and had thirty (30) days from that date to file a motion to withdraw his plea. *Id.* Indeed, the day after the plea hearing, on November 27, Collins wrote a letter to Petitioner advising him that there would be a conflict of interest between the two if Petitioner wants to withdraw his plea as Collins saw no basis for doing so. Nonetheless, Collins told Petitioner, "if you choose to withdraw your plea you should do such prior to your sentencing." Doc. 13-12 at 208. Instead of withdrawing his plea, Petitioner proceeded to sentencing on February 14, 2019, and called witnesses in support of a downward departure. Doc. 13-3 at 5 (transcript of sentencing).

Nonetheless, at the evidentiary hearing on the postconviction motion, Petitioner alleged that he tried to withdraw his plea by letter to the court and again by requesting Revell to file a motion. Doc. 13-12 at 235. According to Petitioner, Revell refused and convinced Petitioner he "needed to go and follow through with

Case 4:24-cv-00515-TKW-HTC   Document 22   Filed 01/09/26   Page 15 of 17

Page 15 of 17

the direction that [counsel] had already set forth." *Id.* Petitioner, however, "did not express dissatisfaction with his plea" or advise the court of Revell's refusal to file a motion to withdraw Petitioner's plea at the February sentencing. *Id.* at 288. Because Petitioner chose to proceed with sentencing instead of moving to withdraw his plea, the undersigned finds Petitioner has not shown he was prejudiced by counsel's performance, even if it was deficient. Petitioner, therefore, is not entitled to habeas relief.

## IV.   CONCLUSION

### A.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must consider the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See id.*

### B.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

Case No. 4:24cv515-TKW-HTC

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

Accordingly, it is RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Bailey*, Second Judicial Circuit for Jefferson County, Florida, Case No. 2017-CF-0091, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of January, 2026.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.